IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| DEBRA HILL, ) | C/A 2:10-3243-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| UNITED AIR LINES, INC., MESA AIR ) | |
| GROUP AND MESA AIRLINES, INC., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff pursuant to the Air Carrier Access Act (ACAA), 49 U.S.C. § 41705, et seq., and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. Plaintiff alleges that due to a disability she is required to travel with a motorized wheelchair, and that on or about December 26, 2008, while checking her motorized wheelchair at the Charleston Airport, the Defendants negligently damaged her wheelchair. Plaintiff seeks monetary damages. See generally Complaint.

The Defendants Mesa Air Group, Inc, and Mesa Airlines, Inc. (hereinafter "Mesa Defendants") have filed a motion to dismiss all claims asserted against the Mesa Defendants pursuant to Rule 12(b)(6), Fed.R.Civ.P. Specifically, the Mesa Defendants argue that Plaintiff has failed to state a claim under the ACAA, because there is no private right of action under that statute; that Plaintiff has failed to state a claim under Title II of the ADA because Title II applies only to



1

governmental entities and not to private airline carriers; and that Plaintiff has failed to state a claim under Title III of the ADA because there is no private right of action for monetary damages under that statute and because Title III does not apply to the Mesa Defendants.

In her response, Plaintiff consents to the withdrawal of her Title II claim under the ADA, but otherwise opposes the Mesa Defendants' motion. Defendants' motion is now before the Court for disposition.[1]

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level].

I.

The ACAA provides that an air carrier may not discriminate against an otherwise qualified individual on the basis of a physical or mental impairment that substantially limits one or more major life activities. 49 U.S.C. § 41705(a). For purposes of the motion to dismiss, Defendants have not disputed that Plaintiff has an impairment substantially limiting a major life activity. The

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Mesa Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



Mesa Defendants argue, however, that the ACAA does not provide Plaintiff with a private right of action against them, and after careful review and consideration of the arguments presented, the undersigned is constrained to agree.

First, it is undisputed that there is no *express* private right of action under the ACAA. Boswell v. Skywest Airlines , 361 F.3d 1263 (10th Cir. 2004); Love v. Delta Airlines, 310 F.3d 1347, 1354 (11th Cir. 2002); Tallarico v. Trans World Airlines, Inc., 881 F.2d 566, 568 (8th Cir. 1989); Jackson v. United Airlines, Inc., No. 08-182, 2009 WL 1036068, at * 8 (E.D. Va. Apr. 17, 2009). Second, while Plaintiff argues that there is an *implied* private right of action to enforce this statute, the recent caselaw addressing this issue holds otherwise. In support of a finding of an implied right of action, Plaintiff cites to Tallarico and Shinault. However, the Mesa Defendants correctly note that, since these two cases were decided, the Supreme Court has ruled in Alexander v. Sandoval, 532 U.S. 275 (2001), that there must be a statutory intent to create not just a private right but a private remedy, and that "[r]aising up causes of action where a statute has not created them may be a proper function for common - law courts, but not for federal tribunals". Alexander, 532 U.S. at 286-287.

Since the Alexander decision, both the Tenth and Eleventh Circuits have ruled that there is no implied private right of action under the ACAA, while no circuit courts have issued opinions finding that such a private right exists. See Love v. Delta Airlines, supra; Boswell v. Skywest Airlines, supra. Further, while there is no controlling Fourth Circuit decision on this issue, the District Court for the Eastern District of Virginia has held that there is no implied private right of action under the ACAA, as have other district courts. Jackson, 2009 WL 1036068, at * 8-9; see also Wright ex. rel. D. W. V. American Airlines, Inc., 249 F.R.D. 572, 575 (E.D.Mo. 2008); Thomas v. Northwest Airlines Corp., No. 08-11580, 2008 WL 4104505 (E.D.Mich. Sept. 2, 2008); Chipps



v. Continental Airlines, Inc., No. 05-2024, 2006 WL 463160 (M.D. Pa. Feb. 24, 2006); Shqeirat v. U. S. Airways, Inc., 515 F.Supp.2d 984, 1002 (D. Minn. 2007).  In reaching their decisions, these courts have noted that the ACAA provides for a comprehensive regulatory enforcement mechanism, including an individual right to appellate review of an administrative enforcement decision, and that if Congress had therefore also intended for the ACAA to provide a private right of action, "Congress could have afforded this protection through numerous means, including the provision of a private right to sue in the federal district courts." Love, 310 F.3d at 1358. Congress did not create such a right in the ACAA, however, but instead "opted to create an elaborate administrative enforcement scheme, augmented only by a *limited* form of judicial review of the DOT's actions in the courts of appeals." Id.

       In light of the weight of recent caselaw, and after review of the cited opinions, the undersigned agrees with and adopts the Tenth and Eleventh Circuits' analysis in finding that no private right of action exists under the ACAA.  See also, Jackson, 2009 WL 1036068, at * 10. Therefore, the Mesa Defendants are entitled to dismissal of Plaintiff's claim under the ACAA.

## II.

       With respect to Plaintiff's causes of action asserted under the ADA, Plaintiff has already consented to dismissal of any claims being asserted under Title II of that Act.  See Plaintiff's Response in Opposition, at p. 3.  Therefore, it only remains to address the Mesa Defendants' motion to dismiss Plaintiff's claims under Title III of the ADA.

       Under Title III, Plaintiff is limited to equitable relief.  See O'Conner v. Metro Ride, Inc., 87 F.Supp.2d 894, 899, n. 2 (D.Minn. 2000); Pona v. Cecil Whittaker's, Inc., 155 F.3d 1034, 1038-1039 (8th Cir. 1998); Klinger v. Dep't of Revenue, 281 F.3d 776 (9th Cir. 2002); Halpern v.



4

Wake Forest University Health Sciences, No. 09-474, 2010 WL 3057597, n. 32 (M.D.N.C. July 30, 2010)["Plaintiff could not maintain any claim for damages under Title III of ADA."]; see also 42 U.S.C. § 12188(a).  The Mesa Defendants correctly note that Plaintiff has not sought any equitable and/or injunctive or declaratory relief in this case.  Rather, Plaintiff seeks only monetary damages.  Therefore, as pled Plaintiff's cause of action under Title III fails to state a claim on which relief can be granted, and is subject to dismissal.  See 42 U.S.C. § 12188, 42 U.S.C. § 2000a-3.[2]

### Conclusion

By consent of the Plaintiff, Plaintiff's claim under Title II of the ADA should be **dismissed**.  With respect to Plaintiff's claim asserted under the ACAA, that claim should also be **dismissed** with prejudice since there is no private right of action authorized by that Statute.[3]

With respect to Plaintiff's claim asserted under Title III of the ADA, since the only relief requested in this lawsuit is monetary damages, Plaintiff's Title III ADA claim as pled is subject to dismissal.  However, in her response Plaintiff requests that if her complaint is not "specific enough", she be allowed to amend her Complaint to "specify" her allegations.  Therefore, while the Mesa Defendants' motion to dismiss with respect to Plaintiff's Title III ADA claim should be

---

[2]While the Mesa Defendants also argue that they are entitled to dismissal as party Defendants from Plaintiff's ADA Title III claim because there are travel exemptions under Title III, the undersigned does not find that dismissal on this ground pursuant to a Rule 12 motion is appropriate at this time.  Cf. Access Nolo, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1332 (11th Cir. 2004)[noting that while airlines are largely not even covered by Title III of the ADA, "the question whether Southwest owns and operates anything that might fall outside the air travel exemption in Title III is one that would depend on a thorough and meticulously calibrated factual analysis . . . ."]; see also Thomas v. Northwest Airlines Corp., No. 08-11580, 2008 WL 4104505, at * 5-6 (E.D.Mich. Sept. 2, 2008).

[3]Although the remaining Defendant United Airlines, Inc. has not joined in the Mesa Defendants' motion to dismiss, for the reasons set forth in this opinion Plaintiff's claims asserted under Title II of the ADA and under the ACAA should both be dismissed, in toto.

5



**granted,** it should be granted without prejudice. Plaintiff may then seek to amend her complaint to possibly assert a viable ADA claim, if she chooses to do so.

    The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 4, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

