IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2011 MAR 24  A 11: 25

| | | |
|---|---|---|
| Debra Hill, | ) | Civil Action No. 2:10-cv-3243-RMG-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| United Air Lines, Inc., Mesa Air Group and | ) | |
| Mesa Airlines, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on defendants' Mesa Air Group, Inc, and Mesa Airlines, Inc. (hereinafter "Mesa Defendants") motion to dismiss plaintiff's claims pursuant to the Air Carrier Access Act (ACAA), 49 U.S.C. § 41705, *et seq.*, and the Americans with Disabilities Act (ADA), 42 U.S.C. §12101, *et seq.* This matter was referred to the United State Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and(B) and Local Civil Rule 73.02(B)(2)(g) D.S.C. A Report and Recommendation (Dkt No.16) was issued by Magistrate Judge Bristow Marchant on March 4, 2011. Plaintiff failed to object to the R & R. This Court has reviewed the Record for clear errors of law and adopts that portion of the Magistrate Judge's Report and Recommendation which dismisses with prejudice plaintiff's claims under Title II of the American with Disabilities (ADA) and under the Air Carrier Access Act (ACAA). The Court, while finding the plaintiff's claim under Title III of the ADA, as pled, fails to state a claim upon which relief can be granted, will hold in abeyance a final decision on dismissal of the Title III claim to allow plaintiff an opportunity to move within fifteen days of this Order

to amend her complaint to assert a claim for relief authorized under the ADA, 42 U.S.C. § 12188.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

Plaintiff filed a complaint alleging that the defendants violated the ACAA, 29 U.S.C. § 41706, *et seq.*, and the ADA, 42 U.S.C § 12101, *et seq.* The ACAA specifies that air carriers may not discriminate against an otherwise qualified individual who has a physical or mental impairment that substantially limits one or more major life activities. 49 U.S.C. § 41705(a). Defendants argue, however, that this statute does not provide a plaintiff with a private right of action against them. First, it is well settled that there is no *express* private right of action under the ACAA. *See* 49 U.S.C § 41705 *et seq*; *See also Boswell v. Skywest Airlines*, 361 F.3d 1263 (10th Cir. 2004); *Love v. Delta Airlines*, 310 F.3d 1347,1354 (11th Cir. 2002); *Tallarico v. Trans World Airlines, Inc.*, 881 F.2d 566, 568 (8th Cir. 1989); *Jackson v. United Airlines, Inc.*, No. 08-182, 2009 WL 1036068, at * 8 (E.D. Va. Apr. 17, 2009). Next, although plaintiff argues that there is an *implied*

2

private right of action to enforce this statute, the Supreme Court has recently adopted a

more restrictive view. *Alexander v. Sandoval*, 532 U.S. 275, 121 S. Ct. 1511 (2001). In

*Alexander*, the Court stated:

> Like substantive federal law itself, private rights of action to
> enforce federal law must be created by Congress. . . Raising up
> causes of action where a statute has not created them may be a
> proper function for common-law courts, but not for federal
> tribunals.

*Id.* at 286-87, 121 S. Ct. at 1519-20 (internal citations omitted).

Since this holding, both the Tenth and Eleventh Circuits have followed the

guidelines set out in *Alexander* and held that there is no implied private right of action

under the ACAA. *See Love v. Delta Air Lines*, 310 F.3d 1347 (11th Cir. 2002) (finding

no private right of action under ACAA); *see also Boswell v. Skywest Airlines*, 361 F.3d

1263 (10th Cir. 2004). In effect, the cases plaintiff relied upon in her response in

opposition to defendants' motion to dismiss (Dkt No. 15) have been overturned.

Moreover, no circuit court has found there to be a private right of action under the

ACAA. See *Love v. Delta Air Lines, supra; Boswell v. Skywest Airlines; supra.*

Specifically, a trial court within the Fourth Circuit held that there is no implied private

right of action under the ACC. *Jackson*, 2009 WL 1036068, at * 8-9. In coming to this

conclusion, the circuit courts noted that the ACAA includes a comprehensive regulatory

enforcement process which explicitly included only a limited form of judicial review.

*Love*, 310 F.3d at 1358. If Congress intended for the ACAA to also provide a private

right of action, including the right to sue in federal district courts, it had many ways to

provide such protection but forwent these options. *Love*, 310 F.3d at 1358. This Court

agrees with the Magistrate Judge's review of the recent case law and cited opinions and

finds that plaintiff is not entitled to a private right of action under the ACAA. Plaintiff's

ACAA claim is therefore dismissed. Although defendant United Airlines, Inc. has not joined in the motion to dismiss, the same law and reasoning applies and thus also precludes plaintiff's claim against United Airlines, Inc.

Plaintiff alleged two ADA violations in her original Complaint. Plaintiff, however, conceded to dismissal of any claims being asserted under Title II of the ADA as Title II does not apply to private entities, thus precluding suit against the Mesa Defendants. (Dkt No. 15). For the same reasoning, United Airlines, Inc. could not be subject to suit under this claim. Thus, only plaintiff's Title III claim remains to be resolved. This claim is subject to dismissal, as pled, because plaintiff prayed for monetary damages although such a claim is limited to only equitable relief. See *O'Conner v. Metro Ride, Inc.*, 87 F.Supp.2d 894, 899, n. 2 (D. Minn. 2000); *Pona v. Cecil Whittaker's, Inc.*, 155 F.3d 1034,1038-1039 (8th Cir. 1998); *Klinger v. Dep't of Revenue*, 281 F.3d 776 (9th Cir. 2002); *Halpern v. Wake Forest University Health Sciences*, No. 09-474, 2010 WL 3057597, n. 32 (M.D.N.C. July 30, 2010)["Plaintiff could not maintain any claim for damages under Title III of ADA."]; *see also* 42 U.S.C. § 12188(a). It follows then that plaintiff has failed to state a claim on which relief can be granted as the claim is presently pled in the complaint. *See* 42 U.S.C. § 12188, 42 U.S.C. § 2000a-3. Plaintiff has requested the opportunity to amend her Complaint regarding this matter. This Court will allow plaintiff to move within fifteen days of this Order to amend her complaint to seek relief authorized under the ADA, 42 U.S.C. § 12188(a).

## CONCLUSION

After a thorough review of the record, Magistrate Judge's Report and Recommendation, and the relevant case law, this Court finds that the magistrate judge

4

applied sound legal principles to the facts of this case. Accordingly, this Court adopts that portion of the Magistrate Judge's Report and Recommendation recommending the dismissal with prejudice of plaintiff's claims under the ACAA and under Title II of the ADA and **GRANTS** the motion to dismiss with prejudice in regard to the ACCA and the Title II ADA claims.  The Court will hold in abeyance a final decision on the motion to dismiss plaintiff's Title III ADA claim to allow plaintiff an opportunity, within fifteen days of this Order, to move to amend her complaint to make a prayer for relief authorized under 42 U.S.C. § 12188(a).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 23, 2011
Charleston, South Carolina